**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARLOS ANTONIO MENDEZ PALACIOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-00470 |
| | ) | Judge Stephanie L. Haines |
| BRIAN MCSHANE, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **MEMORANDUM ORDER**

Carlos Antonio Mendez Palacios ("Petitioner") is a citizen of El Salvador who entered the United States without admission or parole in 2021. ECF No. 1, ¶ 44. On November 19, 2025, he was detained by the Department of Homeland Security and placed in the custody of Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner was initially held at the West Virginia Processing Center, later transferred to the Moshannon Valley Processing Center, and is now detained in solitary confinement at Pike County Correctional Facility. ECF No. 10, ¶ 4.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") on December 4, 2025. ECF No. 1. On February 19, 2026, Michael C. Colville of the United States Attorney's Office entered his appearance on behalf of the Respondents. ECF No. 5. In a response to the habeas petition, Respondents informed the Court that Petitioner received a bond hearing under 8 U.S.C. § 1236, and that his bond request was denied on December 31, 2025, because the immigration judge found him to be a flight risk. ECF No. 9. Thereafter, Petitioner filed a Motion for Temporary Restraining Order ("TRO"), seeking release from solitary confinement and transfer back to the Moshannon Valley Processing Center pending the proceedings in this case. ECF No. 10.

To the extent Petitioner seeks an order directing Respondents to transfer him to a different detention facility, the Court lacks authority to grant that relief. The place of detention for noncitizens pending removal is committed to the discretion of the Attorney General. 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."). Congress has limited federal court jurisdiction to review decisions or actions committed to the discretion of immigration officials. 8 U.S.C. § 1252(a)(1)(B)(ii); *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020); *GandarillasZambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention center to another."); *RiosBerrios v. INS*, 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan*, 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention); *Sinclair v. Attorney General of U.S.*, 198 F. Appx 218, 222 n.3 (3d Cir. 2006).

Here, Petitioner points to no authority upon which this Court may properly direct Respondents to house him at a particular immigration detention facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ('DHS') with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)).

Separately, the purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Federal courts, however, lack jurisdiction to decide a case unless it presents a live case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* If developments during litigation eliminate a petitioner's personal stake in the outcome or prevent the Court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48.

Here, Petitioner has received the bond hearing sought in the Petition. Accordingly, the Petition is moot to the extent it seeks an individualized bond hearing, and resultingly therein closes out the pending Habeas Petition in this District. To the extent Petitioner challenges the immigration judge's denial of bond, that challenge must first be presented through the available administrative appeal process before the Board of Immigration Appeals. This Court does not sit to reweigh the immigration judge's bond determination in the first instance.

As to the relief sought by Petitioner in his TRO regarding the conditions of his current confinement in the Pike County Correctional Facility, including his placement in solitary confinement, given that the Court has now determined that Petitioner's Habeas Petition shall be dismissed as moot, all pending Motions in this case are also dismissed as moot. Any new or additional claims by Petitioner are properly brought in the jurisdiction of his current confinement

in a new pleading before the appropriate court. This dismissal is without prejudice to Petitioner pursuing any appropriate relief in a separate action in the appropriate federal jurisdiction where Petitioner is currently being held. Accordingly, the following order is entered:

**ORDER**

**AND NOW** this 19th day of May, 2026, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** as moot to the extent Petitioner seeks an individualized bond hearing, and resultingly therein closes out the pending Habeas Petition in this District.

2. To the extent Petitioner challenges the immigration judge's denial of bond, the Petition is **DENIED** without prejudice for failure to exhaust available administrative remedies before the Board of Immigration Appeals.

3. Petitioner's Motion for Temporary Restraining Order, ECF No. 10, is **DISMISSED AS MOOT.**

4. To the extent Petitioner challenges the conditions of his current confinement, including his placement in solitary confinement, at the Pike County Correctional Facility, such claim is **DISMISSED** without prejudice to Petitioner pursuing any appropriate relief in a separate action in the appropriate federal jurisdiction.

5. The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge

4